**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| **MONIQUE HAINA,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | **CIVIL ACTION NO.:** 9:21-cv-4144-BHH-MGB |
| **V.** ) | |
| ) | |
| **JASPER COUNTY, SOUTH** ) | **JURY TRIAL DEMAND** |
| **CAROLINA,** ) | |
| ) | |
| **DEFENDANT.** | |

**COMPLAINT**

**I.     INTRODUCTION**

This is an action brought by Monique Haina against Jasper County, South Carolina for legal and equitable relief to redress gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (hereinafter "Title VII"), which provide for relief against discrimination and retaliation in employment. Plaintiff seeks injunctive relief, equitable relief, compensatory and punitive damages, and requests a jury trial.

**II.     JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES**

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331,

1343, 2201 and 2202. Venue is proper in the District of South Carolina under 28 U.S.C. § 1391(b).

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, and 42 U.S.C. § 2000e *et seq*.

3. Plaintiff timely filed her charge of discrimination within 300 days of the occurrence of the last discriminatory act. Plaintiff also timely filed her lawsuit within ninety (90) days of receipt of her Dismissal and Notice of Rights.

### III. PARTIES

4. Plaintiff, Monique Haina, is a female, a citizen of the United States, and a resident of the State of South Carolina.

5. Defendant Jasper County, South Carolina is an entity subject to suit under Title VII.

### IV. FACTS

#### A. Background Information

6. Plaintiff, Jennifer Ball, was hired by Defendant Jasper County, South Carolina, on or about June 7, 2019 to work for Jasper County Fire & Rescue.

7. After Plaintiff's employment started, she began to be discriminated against based on her gender, female.

8. During Plaintiff's employment, she and other female employees were routinely treated differently than male employees.

9. Male supervisors repeatedly yelled, cursed and reprimanded Plaintiff and other female employees but did not treat male employees in a similar manner.

10. Male supervisors repeatedly made inappropriate and offensive comments to Plaintiff and other female employees about their children and their need to care for their children.

11. Such comments included, but were not limited to, referring to female employees' children as "fuck trophies" and telling them they "should put a pillow over their [children's] faces with chloroform."

12. Male employees were not degraded for having children or having to care for their children.

13. Plaintiff, and other female employees, were treated differently related to training, training instructions, and training classes.

14. Female employees, including Plaintiff, were berated and belittled by male supervisors; however, male employees were not treated in a similar manner.

15. Plaintiff, and other female employees, were singled out, counseled, disciplined, and threatened with termination for things in which male employees were not.

16. Male employees were allowed to work and remain employed without

meeting necessary qualifications, while females were threatened, disciplined, and removed.

17. Male supervisors singled out Plaintiff, and other female employees, held them to higher standards and a higher level of scrutiny, and treated them differently than the male employees.

18. Several female employees were threatened with discipline and termination if they did not make a statement that supervisors wanted against Plaintiff and were told if they did not make such statement, the supervisors would hold up a female recruit's hiring.

19. Plaintiff objected to the discriminatory treatment on multiple occasions; however, no corrective action was taken, and the conduct continued.

20. After Plaintiff's complaints, she continued to be discriminated against and was retaliated against.

21. Plaintiff also participated in an investigation into complaints related to discriminatory treatment of female employees.

22. No corrective action was taken after the investigation and the conduct continued.

23. As a result of Plaintiff's complaints and participation, she was further discriminated and retaliated against.

24. On February 5, 2020, Plaintiff was terminated.

25. Plaintiff has suffered emotional distress, humiliation, and embarrassment as a result of Defendant's conduct.

26. Defendant has acted with malice and reckless disregard toward Plaintiff and her federally protected rights.

## V.  CAUSES OF ACTION

### A.  Count I — Claims of Gender Discrimination Pursuant to Title VII

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 above with the same force and effect as if fully set out in specific detail herein below.

28. Plaintiff was subjected to discrimination on the basis of sex.

29. Plaintiff was subjected to disparate treatment on the basis of her sex related to training, discipline, inappropriate comments, termination, and other terms and conditions of her employment.

30. Plaintiff was berated, singled out, subjected to heightened scrutiny, threatened with discipline, disciplined, threatened with termination, and terminated by Defendant based on her sex.

31. Defendant has no legitimate non-discriminatory reason for its conduct.

32. Defendant's conduct was pretext for discrimination.

33. Defendant has a pattern and practice of discriminating against female firefighters.

34. Because of such conduct, Plaintiff has suffered severe emotional distress, embarrassment, and humiliation.

35. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

### B. Count II — Claims of Retaliation Pursuant to Title VII

36. Plaintiff re-alleges and incorporates by reference paragraphs 1-35, above with the same force and effect as if fully set out in specific detail hereinbelow.

37. Plaintiff complained to supervisors and management about the sex discrimination she and others were being subjected. Plaintiff also participated in investigations into complaints of disparate treatment by females.

38. Plaintiff had a good faith belief that the conduct was discriminatory.

39. Plaintiff engaged in protected activity.

40. Plaintiff was subjected to adverse actions.

41. As a result of Plaintiff's protected activity, Plaintiff was disciplined and terminated.

42. Defendant's actions are causally related to Plaintiff's protected activity. A causal connection exists between the protected activity and Defendant's adverse actions.

43. Defendant's conduct was pretext for retaliation.

44. Plaintiff was treated differently than similarly situated individuals who

did not complain of discrimination.

45. Because of such conduct, the Plaintiff has suffered severe emotional distress, embarrassment and humiliation.

46. Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

## VI.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant violates the rights of Plaintiff secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended.

3. Enter an Order requiring Defendant to make Plaintiff whole by reinstating her into the position she would have occupied in the absence of discrimination and retaliation, awarding her back-pay (plus interest), front pay, nominal damages, compensatory damages, punitive damages, and post judgment interest.

4.  Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees, and expenses.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by her Complaint.

    Respectfully submitted,

    */s/ Leon Martin Ortner*
    Leon Martin Ortner, Esquire
    Ortner Law Firm, LLC
    145 King Street, Ste. 211
    Charleston, SC 29401
    Telephone: (843) 723-2944
    Facsimile:  (843)  556-5755
    Email: lee@ortnerlawfirm.com
    Federal ID No.:  2937

    *Attorney for Plaintiff*

Dated:  December 27, 2021.

**OF COUNSEL:**
Rocco Calamusa (*to be admitted pro hac vice*)
WIGGINS, CHILDS, PANTAZIS
   FISHER & GOLDFARB, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
rcalamusa@wigginschilds.com